HARVEY MCPHERSON *et al.*, Commissioners of Highways for the Town of Eden, Plaintiffs in Error, *v.* ASA HOLDRIDGE, Defendant in Error.

### ERROR TO LA SALLE.

Where an appeal from an order locating a road, and assessing damages, is taken to supervisors, they cannot act unless the parties are notified; should they do so, their action is invalid; but the appeal will stand, and may be heard by the supervisors of the same towns, upon proper notice given.

THE record in this case shows that the defendant in error filed a bill of injunction in the court below, (which was allowed,) to restrain the plaintiffs in error, who were commissioners of highways, from opening the public road in controversy; also for relief; to February term, 1858, at which term the commissioners filed a demurrer, and moved to dissolve the injunction for want of equity in the bill.

At the December term, 1858, the court, HOLLISTER, Judge, overruled the demurrer, and motion to dissolve injunction, and the commissioners abided, and the court then made a decree perpetually enjoining the commissioners from opening the road; to reverse which, this writ of error is brought.

O. C. GRAY, for Plaintiffs in Error.

GLOVER, COOK & CAMPBELL, for Defendant in Error.

WALKER, J. There is no objection urged to the regularity of any of the proceedings in laying out and establishing this road, anterior to the prosecution of the appeal to the then supervisors. It is, however, objected that the appeal was finally had without any notice to the appellants. The record shows that an appeal was prosecuted from the order locating the road and assessing the damages, and that the supervisors of Ottawa, LaSalle and Salisbury were selected to hear and determine the same. That they fixed upon the 16th day of April, 1857, and selected a place for its hearing. That at that time and place, only one of the supervisors attended, and adjourned the hearing until some time in June; at that time, the same supervisor again attended at the place, when he ordered that the cause should stand continued until the 6th of July, at which time, none of the supervisors attended. But afterwards, on the 22nd day of July, two of the supervisors, without notice to any of the parties, met and associated with them the supervisor of Deer Park, and proceeded to hear the appeal, and affirmed the order of the commission-

ers, establishing the road, and the assessing of damages allowed to property holders affected by its location.

The ninth sec. of chap. 24 (Scates' Comp. 354,) provides that, in all cases of appeals of this character, a notice shall be served upon certain persons named, who are supposed to be parties in interest. And the object of the notice is to enable both sides of the contest to be fully heard, and the supervisors thus to be enabled to decide the case with a full knowledge of the facts. In the case of *Keech* v. *The People*, 22 Ill. R. 478, it was held that, after the appeal was perfected, and the supervisors had dismissed the appeal, they had no power to again hear the case without giving notice to the parties, and an order made without such notice, was inoperative and void. The object of the statute being that the appellants, as well as the appellees, shall have an opportunity of being heard on the trial. They must have notice of the time and place by notice, as by a regular continuance, and an order made without such a continuance, is not binding on either party, unless present and consenting to the trial. In this case, the plaintiffs in error were not notified of the time and place of the meeting of the supervisors, which took place on the 22nd of July. Nor had they, at the previous times fixed for the hearing, regularly adjourned to meet at that time and place, and they consequently were not chargeable with either actual or constructive notice. They were not before the tribunal, and are not bound by the order of affirmance. For the want of jurisdiction of all the parties required by the statute to be before them on the trial of the appeal, they had no power to render a valid judgment. The want of such jurisdiction renders the order of affirmance inoperative and void.

That order being void, the question is presented, what has become of the appeal? Was it thereby abated, and the order of the road commissioners locating the road revived, or was the whole proceeding, from the beginning, discontinued, or is the appeal still pending? The General Assembly has, in terms, made no provision for such a contingency. If we look to all the provisions on this subject, we shall perceive that it was the design of that body to provide a simple and speedy mode of locating and establishing roads of this character, and when unsatisfactory, without delay, to give a rehearing before other officers, by appeal. To hold that a failure to hear the case, without proper notice to the parties, operated to affirm the order establishing the road, would virtually deprive the party of his appeal, and to hold that the whole proceeding is thereby discontinued, would produce unnecessary delay, by rendering all the steps required by the statute to be again taken. This is not required by the act, and we think could not have been designed.

Had such been regarded necessary by them, it would, it seems to us, have been required. But this being a special tribunal, with a limited jurisdiction, owing its existence to the statute, and its mode of proceeding prescribed by it, in the absence of any provision that such a failure to try the appeal at the time and place fixed, or without notice, should operate as a dismissal of the appeal, or a discontinuance of the whole proceeding, we are inclined to hold that it is still pending.

If this be true, the appeal never having been disposed of, the parties may still have a hearing and determination of the appeal. But to do so, the same notice must be given to all parties designated by the statute, as well as the appellants, of the time and place of the meeting of the supervisors, for its hearing. This notice should be given, as though the case was for the first time before them. The act authorizes the appeal to be prosecuted to three supervisors, selected from the various towns, and not to the persons who may occupy the office. The appeal is to the officers, and not to the individuals. It is in their official, and not in their individual capacity, they are authorized to act. The supervisors, then, who now occupy the office in these towns, the same individuals, if in office, or if not, then their successors, are still authorized to cause the notice to be given, and then proceed to hear and determine the appeal.

The decree of the court below will be so modified as to restrain the parties from proceeding to open the road, until the appeal shall be determined, and then with leave to proceed in conformity with the order entered on the final hearing.

*Decree modified.*